## LEWIS M. STOCKWELL *vs.* JOSEPH C. BAIRD.

Kent County, April Term, 1895.

**Sale. Delivery.**—The payment for the pasturage of a colt by a purchaser is such an assumption of ownership as constitutes a constructive delivery of the colt.

**Husband and Wife. Gift.**—A wife cannot take property from her husband and hold it as her sole and separate property.

**Husband and Wife. Sale.**—Where a husband stands by and assents to the sale by his wife of property which she claims under a gift from him, even if it is invalid, the purchaser will acquire as good a title as would pass to him by a direct sale of the husband's interest.

This was an action of replevin for the recovery of the value of a sorrel mare colt which the plaintiff claimed that he had bought of his sister-in-law, the wife of his brother, Frederick C. Stockwell. The facts are sufficiently stated in the charge of the Court.

LORE, C. J., (charging the jury.)

This is an action of replevin for the recovery of the value of a sorrel mare colt, which the plaintiff claims he bought of his sister-in-law, the wife of his brother, Frederick C. Stockwell.

The claim is, as we understand it, that Frederick C. Stockwell bought the mare with foal at a public sale under the condition, and the mare passed into his possession with the understanding that the purchaser of the mare should pay for the services of the sire; that the wife claimed the colt as hers, even before it was dropped, and that after it was dropped the husband, F. C. Stockwell, agreed with her that if she would pay for the services of the sire the colt should be hers, and that afterwards, in pursuance of that agreement, she paid for the services of the sire and put the colt to pasturage with one Mr. Clark, and paid for the pasturage up to the time it was sold to her brother-in-law, Lewis M. Stockwell, the plaintiff in this suit, which was about the 15th of June, 1892; that after that time the pasturage was paid by the purchaser

of the colt, Lewis M. Stockwell, the plaintiff—one witness testifying that she paid the whole bill for the pasturage of the colt and another stating that Lewis M. Stockwell furnished his part of that money.

It is claimed on the one side that the sorrel mare colt did not belong to the plaintiff in the *first place*, as we understand the contention of defendant's counsel, because there was no delivery of the colt under our statute of frauds, either to the wife by the husband, in the first instance, or to the present claimant, the purchaser, by the wife in the second place; *second*, that even if there was a delivery the wife could not take any property from her husband; that she never could take any title under the law, and therefore could give none.

This case comes right down to those two questions.

If this plaintiff recovers at all he must do so upon the strength of his own title, and if the title to the colt was in anybody else he cannot recover.

Upon the first point we say to you that if you believe that the colt was put to pasturage by the wife and paid for by her up to the time of the alleged sale to her brother-in-law, Lewis M. Stockwell, the present plaintiff, and that after that time this plaintiff took such ownership of it as is implied by the paying for its pasturage there would be constructive delivery, just as where persons buy goods that are in a warehouse, and the seller gives to the purchaser the key to said warehouse, in which case there is a constructive delivery of those goods. We therefore say to you that the payment for the pasturage of the colt on the part of the plaintiff in this case was such an assumption of ownership and such an exercise of right, as constituted a constructive delivery, and if you so believe upon that point your verdict should be for the plaintiff.

Now comes another question—could the wife acquire any property from her husband as against creditors? The law governing this matter is found at page 600 of the Revised Code (1893), Section 1, and is in these words: "That the real and personal property of any married woman, which has been heretofore acquired,

is now held, or which she may hereafter acquire in any manner whatsoever, from any person other than her husband, shall be her sole and separate property," etc.   So that by the very terms of this law, there is an inhibition against the wife's acquiring property directly from her husband.   This statute is in derogation of the common law, and while it gives the wife the right to take property from any other person than her husband and to hold it as her sole and separate property, it expressly negatives the idea that the wife can take property directly from the husband.   If this case rested there, your verdict would have to be for the defendant.

But there is another question—although she could not take property, and although under our construction of the law, no title vested in her by this direct transfer of property from her husband to the wife, if you believe there was any such *bona fide* transaction, yet if you believe that at the time of the sale of this mare colt by Mrs. Stockwell to her brother-in-law this husband stood by, permitted his wife to make the sale, wrote the receipts, recognized in that way the authority of the wife to make the sale, by his presence, connivance or consent, although there may have been no property in the wife and the property was in the husband, yet that would transfer to the plaintiff in this case this mare colt, because it would transfer his right to the property, by permitting the wife in that respect to act as his agent and to sell that colt for him.   Therefore if you believe there was a *bona fide* sale of that colt by the wife, in the presence of the husband, acknowledged by him—he writing the receipt and in that way confirming it to this plaintiff and that this plaintiff took possession of it and paid for the pasturage afterwards, then we say to you that your verdict should be for the plaintiff. As a matter of course, we mean provided it was done in good faith and *bona fide* and not with intent to defraud any of the creditors, having a lien by levy at the time of that sale.   It is not disputed in this case that there was no lien and so we may say to you that there was no lien at that time.

In case your verdict should be for the plaintiff, it should be for the value of the colt proved at the time of the replevin, with

damages for detention. You have heard the proof as to the value of the colt at that time, and you must determine what that is. If your verdict should be for the defendant, you should simply find "for the defendant," he having kept the horse under a property bond.

